UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOARD OF COMMISSIONERS FOR THE                    CIVIL ACTION
PORT OF NEW ORLEANS

VERSUS                                            NO. 20-2179

CMA CGM BIANCA M/V et al                          SECTION: "G"(5)

ORDER AND REASONS

Pending before the Court is third-party defendant Ports America Louisiana, LLC's ("Ports America") "Motion for More Definite Statement by Ports America Louisiana, LLC Pursuant to Federal Rule of Civil Procedure 12(e)."[1] Defendant and third-party plaintiff Teucarrier (No. 3) Corp. ("Teucarrier") opposes the motion.[2] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court denies the motion.

I. Background

This litigation arises from a vessel allision that occurred at a dock facility along the Mississippi River in New Orleans, Louisiana, resulting in alleged damage to the dock structure and two loading cranes owned by Plaintiff The Board and Commissioners of the Port of New Orleans ("The Board").[3] In the complaint, The Board avers that the M/V CMA CGM BIANCA, a

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 24.

[3] Rec. Doc. 1 at 2.

1

vessel allegedly owned by Teucarrier, "allided with the Board's dock structure and two (2) loading cranes" on August 2, 2020, while conducting cargo operations at the Nashville Avenue Terminal.[4]

On August 4, 2020, The Board filed a complaint seeking damages and the arrest of the M/V CMA CGM BIANCA.[5] In the complaint, The Board named the M/V CMA CGM BIANCA as an *in rem* defendant and Teucarrier as an *in personam* defendant.[6] The same day, the Court ordered the issuance of an arrest warrant for the M/V CMA CGM BIANCA.[7] The Court also ordered that while under arrest, the M/V CMA CGM BIANCA be permitted to move freely within the jurisdictional confines of the Eastern District of Louisiana.[8]

On September 16, 2020, Teucarrier filed a "Third-Party Complaint and Rule 14(c) Tender" against Ports America.[9] In the third-party complaint, Teucarrier alleges that The Board retained the services of Ports America to conduct cargo operations involving the M/V CMA CGM BIANCA at the time of the allision.[10] Teucarrier further alleges that despite "heavy rain and gusting wind," Ports America "continued with cargo operations and continued utilizing the cranes over which [Teucarrier] had no operational control, resulting in the damages sustained by [Teucarrier] and the M/V CMA CGM BIANCA, as well as the alleged damages claimed by [The

---

[4] *Id.* at 2.

[5] *Id.* at 1.

[6] *Id.* at 2.

[7] Rec. Doc. 5.

[8] Rec. Doc. 6.

[9] Rec. Doc. 12.

[10] *Id.* at

Board] in its Complaint in this Civil Action."[11] Teucarrier asserts that "[The Board] and [Ports America] were in the best position to be aware of and monitor local weather conditions, and to suspend cargo operations, if necessary."[12] For these reasons, Teucarrier avers that the alleged damages resulting from the allision were "caused by the negligence, gross negligence, and willful or wanton misconduct of Ports America and [The Board]."[13] Additionally, Teucarrier tenders Ports America, as third-party defendant, to The Board pursuant to Federal Rule of Civil Procedure 14(c).[14]

On September 30, 2020, Ports America filed the instant "Motion for More Definite Statement by Ports America Louisiana, LLC Pursuant to Federal Rule of Civil Procedure 12(e)."[15] Teucarrier filed an opposition to the motion on October 13, 2020.[16]

## II. Parties Arguments

### A. *Ports America's Arguments in Support of the Motion for a More Definite Statement*

In support of the motion for a more definite statement, Ports America asserts that Federal Rule of Civil Procedure 12(e) "provides a party facing a vague Complaint a means to have the Court order a party making allegations against a defendant to state those allegations definitively, so that an intelligent Answer may be filed with proper notice needed to identify affirmative

---

[11] *Id.* at 3.

[12] *Id.*

[13] *Id.* at 4.

[14] *Id.* at 5.

[15] Rec. Doc. 17.

[16] Rec. Doc. 24.

defenses, appropriate other defenses and potential responsive pleadings, and to properly investigate the facts and commence proper defense of the claims."[17]

Ports America contends that it is unable to appropriately respond to the allegations in the third-party complaint filed by Teucarrier.[18] Ports America seeks a more definite statement identifying: (i) "the alleged party that engaged Ports America to perform stevedoring services;" (ii) "why an ocean-going ship equipped with a sophisticated suite of weather and radar equipment is unable to observe, be aware of, and monitor local weather conditions;" and (iii) "at least some inkling as to the conduct alleged to have been negligent, grossly negligent, and willful or wanton misconduct."[19] With respect to the alleged party that engaged Ports America, Ports America asserts that the party that engaged it is "obviously well known" to Teucarrier because it is "literally painted" on the vessel.[20]

**B.   *Teucarrier's Arguments in Opposition to the Motion for a More Definite Statement***

Teucarrier offers three arguments in opposition to Port America's motion for a more definite statement.[21] First, with respect to the party that allegedly engaged Ports America to perform stevedoring services, Teucarrier argues that "Ports America admits that it was engaged by this entity to perform stevedoring services; thus Ports America already knows the entity's

---

[17] Rec. Doc. 17-1 at 2.

[18] *Id.* at 4.

[19] *Id.* at 2.

[20] *Id.* at 3.

[21] Rec. Doc. 24.

identity."[22] In addition, Teucarrier argues that it "does not have access to [Port America's] contracts with the entity that retained Ports America."[23]

Second, Teucarrier contends that Teucarrier need not supplement its third-party complaint to explain "why an ocean-going ship equipped with a sophisticated suite of weather and radar equipment is unable to observe, be aware of, and monitor local weather conditions" because doing so would require Teucarrier to "plead an affirmative defense to the allegations contained in [Teucarrier's] own Third-Party Complaint."[24] Teucarrier also states that Ports America was in the "best position" to monitor local weather conditions because it had "operational control over the cargo operations."[25]

Third, Teucarrier asserts that the factual allegations presented in the third-party complaint sufficiently plead the "who, what, when, where, why and how" of Port America's alleged wrongdoing.[26] For these reasons, Teucarrier asks the Court to deny Port America's motion for a more definite statement.[27]

### III. Law and Analysis

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when the complaint is so "vague or ambiguous that the party cannot reasonably prepare a

---

[22] *Id.* at 3.

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.*

[26] *Id.* at 4–6.

[27] *Id.* at 7.

response."[28] A district court's order pursuant to Rule 12(e) will not be reversed absent an abuse of discretion.[29]

Ports America argues that it is unable to appropriately respond to the allegations in the third-party complaint filed by Teucarrier and seeks additional information from Teucarrier regarding the identity of the party that allegedly engaged Ports America, Teucarrier's obligation to monitor the weather, and the nature of the alleged wrongdoing.[30] Teucarrier asserts that the third-party complaint sets forth allegations that are sufficient for Ports America to prepare a response, and that Ports America requests information that is unnecessary to prepare a response.[31]

The Court finds that Teucarrier's third-party complaint is sufficient to allow Ports America to reasonably prepare a response. In the third-party complaint, Teucarrier alleges that it has sustained damages resulting from Ports America's "failure to suspend cargo operations" during inclement weather.[32] Teucarrier's role, or that of its vessel, in monitoring local weather conditions may be addressed through discovery and does not require a more definite statement at this time.[33] In addition, Teucarrier is not obligated to identify the party that engaged Ports America for its services, and Ports America admits that such information is readily available.[34]

Accordingly,

---

[28] Fed. R. Civ. P. 12(e).

[29] *Old Time Enters, Inc. v. Int'l Coffee Corp.,* 862 F.2d 1213, 1217 (5th Cir. 1989); *see also In re McWilliams,* 22 F.3d 1095 (5th Cir. 1994).

[30] Rec. Doc. 17-1 at 4.

[31] Rec. Doc. 24 at 7.

[32] Rec. Doc. 12 at 3–4.

[33] *See In re McWilliams,* 22 F.3d at 1095.
[34] *See* Rec. Doc. 17-1 at 3.

**IT IS HEREBY ORDERED** that Ports America's "Motion for More Definite Statement by Ports America Louisiana, LLC Pursuant to Federal Rule of Civil Procedure 12(e)"[35] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___26th___ day of October, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[35] Rec. Doc. 17.