UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2179** |
| **M/V CMA CGM BIANCA et al.** | **SECTION: "G"** |

**ORDER AND REASONS**

This litigation arises from a vessel allision that occurred at a dock facility along the Mississippi River in New Orleans, Louisiana, resulting in alleged damage to the dock structure and two loading cranes owned by Plaintiff The Board and Commissioners of the Port of New Orleans ("Plaintiff").[1] On October 22, 2020, a Scheduling Order was issued.[2] Before the Court is the "Motion to Continue Trial and Pretrial Deadlines" filed by Teucarrier (No. 3) Corp., appearing *in personam* and as claimant for the *in rem* Defendant, the *M/V CMA CGM Bianca* (collectively, "Defendants").[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

### A. *Factual Background*

In the complaint, Plaintiff avers that the *M/V CMA CGM Bianca*, a vessel allegedly owned by Teucarrier (No. 3) Corp., "allided with [Plaintiff]'s dock structure and two (2) loading cranes"

---

[1] Rec. Doc. 1 at 2.

[2] Rec. Doc. 26.

[3] Rec. Doc. 29.

1

on August 2, 2020, while conducting cargo operations at the Nashville Avenue Terminal.[4] Plaintiff asserts that this allision caused significant damage and would require the Nashville Avenue Terminal to be closed for repairs for a "substantial amount of time."[5]

**B.    *Procedural Background***

On August 4, 2020, Plaintiff filed a Complaint in this Court.[6] Defendants answered the Complaint and filed a counterclaim against Plaintiff.[7] Additionally, Defendants filed a Third-Party Complaint and Rule 14(c) tender against Ports America Louisiana, LLC ("Ports America").[8]

On August 16, 2021, Defendants filed the instant Motion to Continue.[9] Plaintiff filed its opposition on August 31, 2021.[10] On September 9, 2021, with leave of Court, Defendants filed their reply memorandum in further support of the Motion.[11]

## II. Parties' Arguments

**A.    *Defendants' Arguments in Support of the Motion to Continue***

In the Motion, Defendants seek to "reset the trial date and pre-trial deadlines."[12] In support of the Motion, Defendants assert that "[n]o party will suffer substantial injury if the case is

---

[4] Rec. Doc. 1 at 2.

[5] *Id.* at 3.

[6] Rec. Doc. 1.

[7] Rec. Doc. 10.

[8] Rec. Doc. 12.

[9] Rec. Doc. 29.

[10] Rec. Doc. 35.

[11] Rec. Docs. 37, 38.

[12] Rec. Doc. 29.

continued."[13] Defendants aver that the underlying incident "occurred approximately one year ago" and that this action was "commenced just two days later."[14]

Additionally, Defendants submit that a related proceeding before this Court bears on the merits of granting a continuance of the trial.[15] Defendants assert that Darre Finney ("Finney"), the alleged operator of Crane No. 6, filed a claim against the Port of New Orleans for injuries arising out of this incident.[16] Recently, in that case, Finney moved to remand the action to state court, which Defendants oppose, and Defendants moved to consolidate that case with the instant case.[17] Those motions remain pending.[18] Defendants contend that, if the two actions are consolidated, Finney would suffer no prejudice from the trial in this case being continued, "and the Court would no doubt reset the cases for a single trial."[19]

Next, Defendants assert that they would be prejudiced if the trial were not continued because they would be forced to defend against an unknown and unquantified claim for damages.[20] Defendants aver that, "despite diligent efforts to move this case forward by all parties," Plaintiff has not responded to Defendants' "outstanding discovery requests seeking information and

---

[13] Rec. Doc. 29-1 at 6.

[14] *Id.* at 6.

[15] *Id.* at 5, 7.

[16] *Id.* at 5. *See also Finney v. Bd. of Comm'rs of the Port of New Orleans*, Case No. 21-1186, Rec. Doc. 1-1 at 3.

[17] Rec. Doc. 29-1 at 5. *See also Finney*, Case No. 21-1186, Rec. Docs. 9, 15, 16, 25.

[18] Rec. Doc. 29-1 at 5. *See also Finney*, Case No. 21-1186, Rec. Docs. 9, 25.

[19] Rec. Doc. 29-1 at 7.

[20] *Id.* at 7.

documentation about [Plaintiff]'s damages claim."[21] Specifically, Defendants assert that Plaintiff has not provided any discovery responsive to the amount and dates of Plaintiff's claimed damages.[22] Defendants aver that, "with discovery and expert report deadlines quickly approaching . . . there is not sufficient time to take the needed discovery" to adequately defend Plaintiff's damages claims.[23] Thus, Defendants argue that they will suffer "substantial prejudice" without a continuance.[24]

Finally, Defendants assert that, in granting a continuance, the inconvenience to the Court would be "slight."[25] In support, Defendants note that this case is "relatively new" because "the underlying events . . . occurr[ed] about one year ago."[26] Moreover, Defendants assert that "the chances that this matter could be amicably settled" would be greatly increased once Plaintiff's damages claims are quantified.[27] Accordingly, Defendants assert that they have shown good cause for the Court to continue the trial date and associated pre-trial deadlines.[28] Third-Party Defendant Ports America "agrees that a continuance is in order."[29]

---

[21] *Id.* at 7–8.

[22] *Id.* at 2–4, 7–8.

[23] *Id.* at 8.

[24] *Id.* Defendants also argue that, if this Court grants the pending Motion to Consolidate in Case No. 21-1186, the current deadlines would be unworkable for those newly added parties. *Id.* at 8–9.

[25] *Id.* at 9.

[26] *Id.* at 9.

[27] *Id.*

[28] *Id.*

[29] Rec. Doc. 29-1 at 1.

B.   *Plaintiff's Arguments in Opposition to the Motion to Continue*

Plaintiff opposes the Motion.[30] In opposition, Plaintiff argues that it has identified numerous witnesses with discoverable information to support Plaintiff's claim for damages.[31] Plaintiff contends that "knowing the exact dollar amount" of Plaintiff's damages is not necessary for Defendants to proceed with discovery and depositions.[32] Plaintiff asserts that Defendants' claimed "need for further written discovery ignores the extensive written discovery that has already taken place."[33] Moreover, Plaintiff represents that it has "provided a chart summarizing its specific damages figure" to Defendants, and, thus, Defendants "have the information that they allege warrants a continuance."[34]

Next, Plaintiff asserts that Defendants do not need a continuance of the trial to adequately defend Plaintiff's damages claim, because Plaintiff agreed to a six week continuance of the expert deadline.[35] Plaintiff argues that this continuance alone would be "more than enough time" for the parties to prepare for trial.[36]

As to the good cause standard under Federal Rule of Civil Procedure 16, Plaintiff submits that Defendants have not shown good cause.[37] First, Plaintiff asserts that Defendants now have the

---

[30] Rec. Doc. 35.

[31] *Id.* at 2.

[32] *Id.* at 3.

[33] *Id.* at 4.

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.* at 5.

5

supporting documentation of Plaintiff's damages claim.[38] Second, Plaintiff avers that it will be prejudiced if the trial is continued because it will delay Plaintiff's ability to collect damages from Defendants.[39]

Additionally, Plaintiff argues that it is improper for Defendants to cite to and rely on the pending Motion to Remand and Motion to Consolidate in *Finney*, because it "presupposes the Court's eventual ruling on those pending motions."[40] Plaintiff contests that its opposition to the Motion to Remand is implicit support for the Motion to Consolidate or a continuance in this matter.[41]

Finally, "if the Court is inclined to consider a continuance," then Plaintiff requests that the Court instead bifurcate the trial into separate liability and damages trials and preserve the November 15, 2021 trial date.[42] In support, Plaintiff asserts that Defendants "do not allege in their Motion that additional discovery regarding liability issues is needed."[43] Plaintiff argues that bifurcation would both provide Defendants more time to address Plaintiff's damages claims and promote an amicable settlement once the issue of liability is determined.[44] As to Defendants' argument that the issues of liability and damages overlap, Plaintiff asserts that Defendants can only provide a "single example" of that overlap.[45] Thus, Plaintiff requests that the Court deny

---

[38] *Id.*

[39] *Id.* at 5–6.

[40] *Id.* at 6.

[41] *Id.*

[42] *Id.* at 7.

[43] *Id.*

[44] *Id.*

[45] *Id.* at 7–8. *See also* Rec. Doc. 29-1 at 4 n.2 (opposing bifurcation on the basis that "issues of liability and

Defendants' Motion, or, alternatively, bifurcate the trial and maintain the November 15, 2021 trial date.[46]

### C.   *Defendants' Further Arguments in Support of the Motion to Continue*

In response, Defendants assert that Plaintiff's "tactic" of "waiting until August 16 and 20[, 2021]" to provide documentation of its damages has left Defendants with "virtually no time" to review and address Plaintiff's claims for damages.[47]

As to Plaintiff's arguments that Defendants have not shown good cause for a continuance, Defendants assert that Plaintiff cannot claim prejudice if the trial is continued because Plaintiff caused the delays in turning over information about its claimed damages.[48] Defendants argue this delay is contrary to Plaintiff's obligation under Rule 26 to provided Defendants with information about damages "at the outset of litigation."[49] Instead, Defendants assert that Plaintiff waited until discovery was coming to a close to provide the information.[50] Defendants assert that the invoices provided by Plaintiff "are dated a year or months prior to the date they were produced."[51] Additionally, Defendants assert that the information Plaintiff provided is "incomplete" because it "does not include any proofs of payment."[52] Finally, Defendants argue that Plaintiff cannot claim

---

damages overlap").

[46] Rec. Doc. 35 at 8.

[47] Rec. Doc. 38 at 1–2.

[48] *Id.* at 2–3.

[49] *Id.* at 3.

[50] *Id.*

[51] *Id.* at 5.

[52] *Id.* Defendants note that Plaintiff contests it is required to show proof of payment. *Id.*

substantial injury from a continuance because Plaintiff is claiming prejudgment interest.[53]

Next, Defendants re-iterate that they would suffer prejudice if a continuance were denied.[54] Defendants assert that Plaintiff's damages information remains incomplete.[55] Defendants contend that the witnesses identified by Plaintiff as having discoverable information about damages could not provide a claim calculation.[56] Moreover, Defendants assert that, in the same document identifying those witnesses, Plaintiff alleged that a claim calculation would be "premature."[57] Defendants also assert that their purported delay in taking depositions was "directly attributable to [Plaintiff]'s failure to produce documents and answer questions about the claim."[58]

Finally, Defendants re-assert that a continuance would cause only "slight" inconvenience to the Court.[59] Defendants aver that "continuing the trial will give the parties the opportunity to determine whether settlement is possible."[60] Moreover, Defendants argue that Plaintiff's bifurcation request "tacitly acknowledges" that this case is not ready to proceed to trial.[61] Defendants assert that a bifurcated trial would "greatly increase[] the chances that the parties will be unable to settle their differences until a full trial on liability occurs."[62] Thus, Defendants submit

---

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *Id.* at 5–6.

[57] *Id.* at 6.

[58] *Id.*

[59] *Id.* at 8.

[60] *Id.*

[61] *Id.*

[62] *Id.*

that good cause exists for a continuance of the trial date and pretrial deadlines.[63]

### III. Law and Analysis

Federal Rule of Civil Procedure 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."[64] The party seeking a modification "carries the burden of demonstrating good cause."[65] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[66] As the Fifth Circuit has explained, the four factors bearing on good cause under Rule 16(b) are: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice."[67]

Looking to the factors, the Court finds that Defendants have shown good cause to continue the trial. Plaintiff offers no explanation for why it waited until near the close of discovery to disclose to Defendants the quantum of damages it had incurred from the incident and from Plaintiff's repair efforts. Although the damage assessment may have been "ongoing," Plaintiff is under a continuing obligation to update its initial disclosures "in a timely manner" when it "learns

---

[63] *Id.* at 9.

[64] Fed. R. Civ. P. 16(b)(4).

[65] *Yuspeh v. State Farm Fire & Cas. Co.*, No. 07-9491, 2008 WL 4758627, at *2 (E.D. La. Oct. 29, 2008) (Africk, J.).

[66] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

[67] *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (citing *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

that in some material respect the disclosure or response is incomplete."[68]

Moreover, Defendants have shown the importance of the continuance. Continuing the trial will allow Defendants to adequately prepare for a single and complete trial, rather than two separate trials on liability and damages. Additionally, now that Defendants have more complete information about the quantum of damages, the parties may be better able to reach a compromise, especially considering the difference in the security provided (approximately $18 million) and Plaintiff's summary of damage claim amounts (approximately $4 million).[69] Likewise, the Court finds that Defendants would suffer substantial prejudice if they were required to complete discovery in the limited time remaining because of Plaintiff's late disclosure. Finally, Plaintiff has not shown that it would be unduly prejudiced by a continuance.

### IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Continue Trial and Pretrial Deadlines"[70] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties contact the Court's case manager within fourteen days of the date of this Order to schedule a new trial date and related deadlines.

**NEW ORLEANS, LOUISIANA**, this __5th__ day of October, 2021.

*Nannette Jolivette Brown* (signature)
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[68] *See* Rec. Doc. 29-2 at 4 (Plaintiff's Initial Disclosures); Rec. Doc. 35 at 5 (Plaintiff's Opposition); Fed. R. Civ. P. 26(e)(1)(a).

[69] *See* Rec. Docs. 35 at 2; 35-3 at 1.

[70] Rec. Doc. 29.